IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

YOSHI R. WALKER,

                Petitioner,                OPINION and ORDER

   v.

                                           23-cr-26-jdp

UNITED STATES OF AMERICA,            25-cv-673-jdp

                Respondent.

---

Petitioner Yoshi R. Walker pleaded guilty to one count of attempting to possess with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2. Dkt. 1. He was sentenced to a 72-month term of incarceration, to be followed by a three-year term of supervised release. Dkt. 266.

Walker, proceeding without counsel, now seeks relief under 28 U.S.C. § 2255, primarily on the ground that his defense counsel was ineffective. Walker asks the court to stay this case, so that he may obtain discovery from his defense counsel. Dkt. 4; Dkt. 7. He also requests that Magistrate Judge Stephen L. Crocker be removed from this case. Dkt. 3.

Walker's petition is over-long, running to 44 pages. Despite its length, the petition fails to allege factual details to support his vague grounds for relief, repeatedly stating that the petition is a "placeholder" with the factual basis to be supplied later. I will order Walker to amend his petition to clarify his claims for relief. I will deny his other motions.

ANALYSIS

A. Screening the petition

I must review the petition under Rule 4 of the Rules Governing Section 2255 Proceedings ("Section 2255 Rules"). Rule 4 authorizes me to dismiss a petition to vacate summarily if "it plainly appears from the [petition], any attached exhibits, and the record of the prior proceedings that the [petitioner] is not entitled to relief."

Petitions under § 2255 "must meet heightened pleading requirements." *Shanks v. United States*, No. 21-cv-1166, 2022 WL 16552876, at *2 (E.D. Wis. Oct. 31, 2022) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)). The petition must substantially follow the form prescribed by this court. *See* Rule 2(c), Section 2255 Rules. The court's form requires petitioners to state specific facts supporting each claim for relief, and to avoid argument or citing law. The court has inherent powers to manage its docket in a way to "achieve the orderly and expeditious disposition of cases," *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016), which includes the power to impose reasonable page limits on legal filings, *see Lue v. JPMorgan Chase & Co.*, 768 F. App'x 7, 9 (2d Cir. 2019).

Walker's 44-page petition is excessively long and argumentative, and it has many immaterial and redundant allegations. Walker acknowledges that his six grounds for relief are overlapping, stating that most of them "cross reference[] . . . and adopt the allegations" in the others. Walker's disorganized petition don't meet § 2255's heightened pleading standards. For example, it's not enough to say that defense counsel failed to file the pretrial motions that Walker suggested, or that defense counsel failed to file any pretrial motions. Walker must identify the specific pretrial motion that should have been filed, why it would have been successful, and how Walker was prejudiced by the failure to file it.

The court will not parse the current petition in an attempt to discern some facts supporting a potentially meritorious claim because that would unduly strain the court's resources and divert it from its role as a neutral decisionmaker. The court must construe Walker's allegations generously, but it cannot construct his claims for him.

I will require Walker to file an amended petition, using the court's form, that clarifies his grounds for relief and identifies the facts supporting them. Walker may include supplemental pages with the form if he needs more space to allege facts supporting his claims, but he may provide no more than ten supplemental pages. If Walker files a separate legal memorandum, it likewise must not exceed ten pages. Any text or handwriting on the amended petition or any supplemental page or legal memorandum must not be excessively small and must contain enough spacing between lines to ensure legibility. For reference, the spacing and text size in Walker's supplemental pages meet this requirement.

B.  Other pending motions

Walker moves the court to stay this case, primarily to obtain discovery from Jasti. Walker explains that the purported discovery will bolster the petition's claims and allow him to bring additional claims.

I will deny Walker's request to stay the case. Walker has not shown that he needs discovery from defense counsel to state his grounds for relief. The request is premature. If the amended petition passes screening, Walker may seek leave to conduct discovery under Rule 6 of the Section 2255 Rules. The idea that defense counsel has documents that would support any viable claim for relief is pure speculation at this point. If Walker later obtains discovery that reveals a basis for additional claims, he may seek leave to amend at that time.

I will deny Walker's request that Magistrate Judge Crocker be removed from this case as moot, because Judge Crocker has retired. I note that no part of this case has been referred to a magistrate judge.

ORDER

IT IS ORDERED that:

1. Petitioner Yoshi R. Walker has until March 6, 2026, to file an amended petition in accordance with this order.

2. Petitioner's motions to stay, Dkt. 4 and Dkt. 7, are DENIED.

3. Petitioner's motion for judicial reassignment, Dkt. 3, is DENIED as moot.

4. Petitioner is to be sent a copy of the court's § 2255 form.

Entered February 4, 2026.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge